Good morning, your honors at issue in this case is whether Mr. Hope's prior self I'm sorry. I don't see the other Council on the screen. Mr. Patel. Yeah, Mr. Booth is here now. Thank you All right, Mr. Patel, you may proceed. Sorry about that. Mr. Patel, Mr. Patel Before you go any further you were either breaking up, but you're not you're fading in and out. You need to get closer to your Okay, your source It's better, but it's not a good connection Whether mr. Hopes prior, South Carolina convictions for distributing and possessing within a Controlled substance within one half mile of a school or part Qualified serious drug offenses under the ACA They do not because the school and park proximity statute is overbought by drugs Now the parties agree honors that actually is overbought because it criminalizes more drugs and does the federal That cross-reference The only piece here the proximity We have a Mike Just off the clock, please. Thank you Can you help us and see who's in that is because it's not it's gonna be untenable going forward I'm so sorry. Your honor. Do you want me to start over or should I just keep? Well, I'm not sure How do you want to start over on the sake of just safety? Go ahead. I will your honors Okay, so your honor that issue in this case is whether mr. Hopes brought out Carolina convictions We're distributing and possessing within Controlled substance within one half mile of a school or park qualify a serious drug offenses under the ACCA They do not because the school and park proximity statute is overbought and Indivisible by drug type now the parties agree that the statute is overbought because the statute Criminalizes more drugs then does the Federal Control Substances Act cross-reference in the ACCA, but the only Whether the proximity statute is visible by drug type and on this front your honor The government has failed to meet it. You have a verdict of proving with certainty Before you go too much further into the substance substantive argument I really need to know why this is not plain error of you since it was not objected to Below So your honor two things Plain error review should not apply here and I'll explain that but even if plain error review applies here The government still hasn't met their burden But the reason plain error review does not apply here is because the claim is one in the same as the claim That was raised below the claim is that the Proximity statute fails to qualify as a serious drug offense because there's a categorical mismatch But the argument made below was is wholly different than the argument being made now and isn't the whole point of requiring somebody to object in the district court to give the district court an opportunity to Address the argument in the first instance What your honor under e versus Oscar Dito and u.s. Versus Robinson day Review should apply here because Yes, the arguments in theory, but they were in support of the claim So the argument was that there was a categorical mismatch Because of the statute is not an indivisible and criminalized purpose of drugs I Can't hear I'm sorry. I'm sorry. I can't hear. Mr. Patel really at all. I don't know if we should Have him log off and back on or what? I Don't know you can't hear me now. I'm so sorry. Your honor. I can hear you now and but There are times when you just go out Okay We can try again I can try on a different laptop maybe I'm not sure. I'm really really sorry about this Right now Right position that you're in now, so try not to move too much  So judge stacker. I was explaining that The case that's really important here is the United States versus Robinson Which compels the result that we're talking about the same claim? because in that case Right, I understand what about our case and we seem to have a Couple cases on this. What about United States versus I had where we said to preserve an argument on appeal The defendant must object on the same basis below as he contends is error on appeal Right, and I think what they're talking about the same basis below means the same link Because in u.s. This is Robinson the defendant below made an argument that the criminal history school is wrong Because he only served the day of probation But then on appeal your honor He made a very different argument that the fire conviction was just probably conduct It was a part of the incident and the court still said no It is the same claim the same broad claim that the criminal history school was wrong So in that sense your honor here, the claim is that the the South Carolina He does not qualify as a serious brother so it's just a e-versus-s from you know, which Robinson relied on the Supreme Court said look any argument can be made in support of the same claim But your honor even if plain error applies here Government has an inverted because it's plainly It's plainly not showed that with certainty that statute is divisible By drug type and your honor the reason for that is there's three reasons There's three features of the proximity statute that make it clear that it's not divisible by drug type And this is when we look at the statutory penalties. We look at the primary And you look at the So first Different penalties for different before 2010 it did when the Back is more severe than that for other drugs But now it's actually just has a single penalty for all drug types and your honor this stands also in stark contrast to the other South Carolina Distribution Specific Based on drug types and drug quantities trading 50 times in this new subsection Type in quantity, so your honor the South Carolina legislature clearly news Make a statute is divisible by drug type as they did in the pre-2000 version Of the proximity statute and as they have done in the substance This is actually they've made a conscious decision not to do so in this statute in the current version opportunity That would be honored the primary purpose of the statute sent was on location So it's about targeting drug activity proximity to a school or park Like most of the drug type and this purpose your honor is further reinforced Understand you're arguing about divisibility and whether that that was plain at the time but Has it was it? Plain was there a definitive ruling about which version of the federal controlled substances schedule governs in determining whether a prior conviction constitutes an What we look to the state of the the conviction at the time The state conviction at the time or the federal sent at the time of the federal sentencing. Well, how was that plane? The timing doesn't matter for purposes of our first argument because there's no Dispute here that the South Carolina statute has always criminalized some drugs which have Never been criminalized under the federal statute so before example, your honor the government here agreed that the South Carolina statute in Criminalized isomers non-optical isomer Depressants and stimulants. Well, they have always been excluded under the federal schedule It's fine that the statute is overbroad and indivisible By drug types and there's not a timing problem with respect to this first argument So again, if the court finds overbroad and indivisible About time because the ACCA didn't match at the time of the conviction And So your honor going back to the primary purpose point it's also important to note here your honor that This purpose is reinforced because the statute in 2010 was amended to include a knowledge element which went to location And that means that the defendant has to know that he's within Proximity to a school or park, but there is no knowledge element that was added with respect to drug types That tells us that location is an element The drug type is not and your honor this is not to say that the harm to society varies based on the type of drug or based on the Quantity of the drugs, but that's why we have the other South Carolina distribution Specific because they do vary penalties based on drug types and drug quantities So they do address the harm treated by drug types and drug quantities and your honor There's noting here that if the state believed that the penalty wasn't severe enough based on the Proximity statute It can always prosecute under the substance specific statute based on the drug type and drug quantity And vice versa, your honor. If the state believes that the substance specific affects the rate of severe enough Let's say there's a small amount of marijuana, which only carries a maximum of five years The state can then prosecute under the proximity statute, which carries a max of 10 years and doesn't distinguish between drug types All of this is to say that if this court finds that the statute is indivisible by drug type It's not going to lead to a win for defendants And third, your honor, the statute doesn't distinguish between different drug types, it just refers to consultation Which is defined elsewhere in a separate definitional provision that contains the alternative types of drugs. This tells us that the types of drugs in that separate definition are just alternative names for the single controlled substance And here, it's really important to look at the South Carolina Court of Appeals decision in State v. Adams Which had a similar structure. In that case also, at issue was a first-degree sexual misconduct Even considering Robinson for the standard of review, can you tell me again what the claim was below that is the same now? Yes, so your honor, the claim is that the South Carolina proximity statute did not qualify as a serious drug offense It did not qualify as a serious drug offense because there was a categorical mismatch between the elements of the South Carolina statute But was that argued below as the reason? It was, it was argued because if you look at 101 What about all of this duplicitous indictment? That was an alternative argument that was made. So when we look at page 101 What the defense counsel said is that he is He's approving this court's decision in U.S. v. Marshall because it was a counter case where one could oppose a court's opinion about the modified categorical approach analysis. So in that case, your honor, the Proximity statute was divisible by conduct by purpose versus distribution of evidence. The counsel, in saying he was opposing that He's saying that the statute is an indivisible overbroad offense because it includes the purpose of drugs which is excluded under the ACCA And then additionally, he was saying alternatively, look if the Marshall court is wrong And there are two distinct elements in the statute that the indictment You can charge both of those crimes in a single count It's divisible. That's effectively what the counsel is saying when you read these two paragraphs, your honor, in JA 101 Page 101 is a follow-up to your duplicitous argument, isn't it? And the argument below in light of furlough Well, your honor, if you look at the first paragraph He does say, I believe the Marshall court, and I think there's a typo there It says foreclosed is my analysis because the courts have really not published a persuasive opinion That's 445 is divisible Modified categorical approach applies to big garbled evidence. And then the next line he says, so your honor, so I take my position for opposing that But I made a duplicitous indictment argument So Marshall had nothing to do with duplicity So he had to be talking about the categorical mismatch made because Marshall didn't address duplicity at all So it looks like the duplicity argument here, your honor, was an alternative argument And he's not talking about the serious drug offense. He's Okay, go ahead. That's your that's your AA101 is your site for why the this same claim was raised below? Yes, your honor and also in AA159. 159. Yes Here too, there's a statement made in the beginning It says Hope contends that his South Carolina Distribute, sell, manufacture, or possess with intent to distribute His school should not qualify as predicate conviction for purposes of the ACCA And Then it cites the US versus Marshall, which was all about the visibility and the categorical But your honor, if I may, even if this court finds that plain error applies The government still has not proven its verdict because it hasn't pointed to anything at all To counter the three features that I talked about here that the statute is indivisible Even under plain error, the government has not met its verdict here because even on plain error All we have to show is that the government Look at US versus Boykin here And in US versus Boykin, also there, the defendant did not make a proper objection to the court's indivisible non-Scheffer document Yet the court found that there was plain error because on a field, the government did not meet its verdict to produce Scheffer documents to prove its certainty That's the statute that the ACCA applied So your honor, in the same way here, the government has not proven its verdict on a field, even under plain error It hasn't qualified that verdict US versus Cantu, and US versus Hill, where the 10th circuit, consistent with this circuit's decision Also found that there was plain error because the government did not prove with certainty that the statute was indivisible By drug time. So your honor, whether we apply the plain error standard here Or whether we apply Baino or Review, the government hasn't given us anything There's one case that the government cites here from South Carolina In support of this point, and that case actually does not help the government Because it just reinforces, by contrast, that the statute is actually indivisible The case they cite here is State versus Wilson, and in State versus Wilson, the court found that there was no double deference When the defendant was prosecuted twice, once For conspiracy to traffic marijuana, and once for conspiracy to traffic cocaine But this was under the substance-specific statute In which penalties vary based on drug time So in that case, there were two distinct offenses with two distinct crimes and two distinct subsections with two distinct penalties But that's not what we have here in stark contrast We have a single crime, a single name, with a single penalty that does not vary based on drug time So for all these reasons, your honor, the government has not met this verdict to prove with certainty that the statute is indivisible by drug time Thank you May it please the court The district court did not commit plain error in sentencing Hope under the ACCA based on his three marijuana trafficking convictions First, Hope's claim is reviewed only for plain error because his claim on appeal that marijuana no longer is covered under the Controlled Substances Act Is fundamentally distinct from his trial claim that he was subject to a duplicitous indictment under furlough At trial, Hope never mentioned the 2018 elimination of hemp from the definition of marijuana Well now, opposing counsel cited me to JA101 and more specifically JA159, which was a written objection that he suggests preserves his claim What is your response to that, Mr. Booth? I disagree with that, Judge Thacker, because there's nothing I'm looking at JA159 There is no mention at all of the elimination of marijuana from the CSA in 2018 And as you correctly pointed out earlier, you mentioned the Zayed case, which says that the claim at the district court has got to be the same on appeal in order to preserve it And not only did this court mention that in Zayed, but it actually mentioned it in furlough as well Evaluating a claim, Judge Gregory Your response goes to specificity, as opposed to whether or not the area The objection was, the point was that it does not qualify as an appropriate predicate offense under ACCA That's the objection Now you're right, it could have gone further and said, oh, it's the 2018 change That's specificity, but the area, that's why he cites Marshall, dealing with that aspect You're right, it does take a lot As a matter of fact, what makes it interesting is that counsel raises it and then sort of says, well, I'm not sure it's going to be prevailing But I want to preserve it for the Supreme Court or for an appellate court later He talks about that, but he does say it's about, it does not qualify as a predicate And that's what we hear today Is it an appropriate predicate to enhance a sentence? To make someone an ACCA That's the argument, but you're right, it could have been more specific as in the detail But that is why we're getting it, is it not? Well, Judge Gregory, the idea that you can make an objection on the basis of overbroad statute at that level of generality And preserve an issue on appeal dealing with a specific claim that Congress in the 2018 definition of marijuana eliminated hemp as a definition Is fundamentally different And it's our position that that does not meet that same basis claim that this court referred to What about our opinion in Green, which cites Robinson That says once a defendant raises a claim before the district court He may make a new argument for the claim on appeal without triggering claim error review I'm not sure that that particular statement can be considered to be correct in light of Zayad and again in light of Furlow Which also involved ACCA predicates It is generally the rule that the reason you want to have objections made in the district court Is to allow the district court to consider the objection and to make a ruling on it And then to therefore allow this court to make an informed judgment But in a case in which the defendant never even mentions the term marijuana Much less the fact that the statute has been changed in 2018 Tells us that that claim down below was not preserved for appeal What the defendant was talking about in Furlow And looking at the cert petition that was filed in that case Was that if you look at the consequence of the ruling in Marshall Which made 445 a divisible statute That resulted in a duplicit in indictment Because prosecutors would allege several offenses in a particular indictment Marshall again had nothing to do with the 2018 elimination of marijuana from the statute And so it's our position that unless you have the same basis of trial as you have on appeal The issue is forfeited and you will review it for plain error only Let me ask you at least in terms of plain error and where we're going Because it's always interesting to me when we deal with things from a procedural perspective But I understand the limitations we have here But I'm looking at it in terms of okay we go plain error And then the question comes up well is this a plain error And it seems like to me the biggest determination here would be What is the federal comparator? Is that going to be at the time of sentencing or is it back at a different time? And if the court knows that it's at the time of the sentencing Then you've got two different schedules right in front of the court there Why is that not plain? It is our position that under the ACC Now you understand where I'm going I'm not getting to the question of whether we're going to Make that determination right now as to should it be at time of sentence But under that analysis if that's true in other words that we use the sentencing And you do have the two different schedules You would acknowledge over breath I think you pretty much acknowledge it would exist under that kind of circumstance But the question is is it plain? If the assumption is that you use a time of sentencing approach under the ACCA Yeah we already started I want to start with that now but we'll come back and deal with it But I want to make sure because we're spending a lot of time on this plain error But it seems to me the question is really that Because if we come to something different you know the over breath argument Even though I know there's a contrary argument that may have already been there Which is the bigger question but that seems to make it plain If we find that it is at the time of sentencing There's a federal comparator is that not plain? If it would be under the assumption that time of sentencing is the appropriate Gauge we submit Wait so you said so just to make sure I understand what you just said If we were to determine that the time of sentencing is the appropriate gauge Then the government would agree that it would be plain error Yes but we do not admit under any circumstance I know you don't admit that but you said yes? Well my answer is it wouldn't be plain because there is no case Interpreting the ACCA that has held that in making a determination As to whether a prior state offense is valid or not is determined at the time of sentencing No case whatsoever McNeil on the other hand the Supreme Court case That's the closest case But that's the question before That's where we're going to go but the question that she's saying If we held that there may be no case But what we're saying if this becomes the case Then that does establish the plain error As I understand now but you want to argue The fundamental underlying premise that was used here That it would be at the time of sentencing So that's a different question So that's why I say we can talk about plain error all day long But it really is that determination That could control this case And you wouldn't need to get into this plain error business Whether it's been preserved or whether he talked about modified divisible In the oral argument that sort of thing I mean that's it seems to me Am I wrong on that? Well that really that's the decision for us to make That is correct Judge Wynn My answer is that to satisfy the plain error standard It's whether or not you apply time of sentencing Time of conviction or time of federal offense The error would not only have to be there to be an error But it would have to be a clear or obvious error And as this court also said in furlough To meet the plain or obvious point The error has to sort of leap off the page And you said that at page 324, 928 It's not clear or obvious that time of sentencing Is the appropriate measure or gauge And our position is that it's not For purposes of this case Because the defendant committed his offense Before Congress changed the definition of marijuana In December of 2018 The savings clause itself Would be an independent barrier to relate Because he committed the offense So let me understand that You're saying it's not clear or obvious that And I don't know how that relates to plain error That seems to be a question of law As to when it would apply Then once that question of law is determined You then look at that specific determination To determine does plain error apply I just want to be clear I think that's where you're going with it But you use that term in conjunction With plain error as obvious It's not clear or obvious But we're not reviewing whether the sentence Is to be done at a Whether the sentencing time is the time For the federal comparator or some other time On a plain error That's a question of law Seems to me Am I wrong on that? That is a question of law, right? Judge Wynn, the plain error standard Has four components to it There has to be an error It has to be plain There has to be a violation of And I'm with you on that But I want to be clear In terms of analyzing it And I'm not saying You still have the plain error It's just But there is a threshold question of law As to what is the federal comparator And when do you do it? And that's law And then once you get the law Then the question is You know, does plain error Does that yield plain error? At whichever time period you pick That's correct, Judge Wynn When I use plain or clear or obvious That is the definition of Under the second prong Of the plain error standard There is an error It has to be plain And the term plain means clear or obvious Now, for example This court said in Carthorne Which is a case also cited in Furlough That if there is a conflict in the circuits Or the law is unsettled in a particular area It's not likely that an error there Is going to be plain And what my argument is Is that if we're looking under the ACCA There's no court of appeals decision That has ever held That in determining the validity Of a prior conviction under the CSA That you look at the time of sentencing McNeil said for purposes Of determining the validity Of a prior conviction You look at the time of the conviction And so if you look at the time of conviction In this case Which was in 2013 The state definition of marijuana Matched the federal definition of marijuana So there could not be any plain error In the district court's disregard Of the December 2018 definition of marijuana In this case And assuming you were to disagree with that Then we would then say That as an alternative basis for affirmance And certainly no plain error That under the savings clause Which because the defendant's federal firearm offense Occurred before the December 2018 amendment To the CSA That the savings clause preserves The harsher punishment in this case So you have to So maybe if the guidelines If when guidelines can be imposed Which ones you look at Does that help us? In other words At least I know At least one circuit said That you know When you impose a sentence The district court is to consider The sentencing guideline range That's in effect on the date That the defendant is sentenced And so it seems If you follow that And I'm not being argumentative Just want you to respond to it That it would seem inconsistent To apply guidelines In effect at the time But then a different timing As to determine elements You know Using an older drug schedule For instance You know Because it does attach a certain According to the Ninth Circuit At least for sentencing purposes A certain culpability and dangerousness By doing it at the time That he's actually sentenced And I know that's a guidelines case And that may be your one distinction That you want to hang that hat on And if you want to It clearly is But I'm thinking At least in terms of the logic Of why would you do it One and not the other Is something that we ought to Think about That's correct Judge Wynn And the reason the guidelines Have a different result Is because Congress In enacting 3553 I believe it's A4A4 Specifically say That you use the date Of the guidelines And guidelines 1B1.1 Says I'm sorry The date of sentencing And so because you have Both a statutory And guideline Provisions That say that you use The time of sentencing Determinant sentence And part of that Under the guidelines Is the reason you have One guidelines manual Is to avoid any Ex post facto problems That is why guidelines Results are different Under the ACCA Under McNeil The test is The validity of the prior conviction Depends on the time Of conviction But I will agree That under the guidelines Because of the 3553 Statutory provision 1B1.1 The results are going To be different And that is why We think we can Distinguish the Bautista case And the Abdulaziz case From the first circuit Because they both involve Guidelines And both of those decisions Squarely Refer to the Differing provisions Under both 3553 And 1B1.1 By contrast It would seem The opposite would happen I mean if you are going To sentence someone Except for the statute there And consider culpability And dangerousness It would be The person would be on notice At the time that is going on Not of the lesser offense That can occur down the road At the time of sentencing So it seems to be There is a strong argument That from a sentencing At least from a policy perspective You would use that early one Because that was what the law was When you did it Now you can't get the benefit Of something new Now we are talking about In terms of Importing an offense And for the purpose Of enhancing a sentence And part of that purpose Is because we want to Deal with the culpability And dangerousness Of what those sentences represent And yet If there has now been A determination At the time of sentencing That there is something Different here That relates to that As to what that sentence is It seems like That's the one you would use In determining the elements of it How do you respond? Well my answer is again Congress takes into account Different policy perspectives When they enact different statutes They had one policy objective Or several in mind When they decided That the time of sentencing Was the appropriate gauge For determining culpability Under the guideline But on the other hand When they were talking About the ACCA And the Supreme Court's decision In McNeil in particular It decided that it wanted to Refer to the date Of the prior conviction And as the Supreme Court said In McNeil One of the benefits Of having a prior conviction time Is that it permits a defendant To know at the time Of his federal offense Or at the time Of federal sentencing What he is going to be facing And that will allow him To make a decision To plead guilty or not But again Congress has different Policy perspectives And objectives in mind When it does different statutes The ACCA is one statute The sentencing guidelines In 3553 are another statute I only have three minutes left I would like to respond But let me ask this Because it's interesting I think for the perspective Of the defendant There's other things If let's say we did go with The idea that With the proposition That is at the time Of sentencing What happens if that Actually It actually Instead of being over broad Now it becomes In line with the one In other words Seems like to me It could work both ways What is the prohibition From that? Well you're absolutely right Judge Wynn Sometimes it helps The defendant If Congress subsequently Lessens the penalties Or in a case where For example as you point out Maybe five years down the road Congress will add more drug types Or to simply align it In line with The state law Is now aligned with it And the federal law Now becomes aligned With what may have been Over broad with the previous law But now it's the same thing How does that work? Well it can work differently Depending on certain circumstances If they align it in the sense That the drug They increase the drug types And then make the punishments Potentially more severe You could have some Ex post facto problems With respect to defendants Who commit their offenses Before the effective date Of the increased punishment That is why again Simply for purposes of this case And under plain error review There was no plain error In not using the 2018 version Of marijuana At the time of this offense Or at the time of this Particular sentencing One quick question I would like Judge Wynn To talk about The divisibility point Since this is plain error review The defendant has the burden To show that the statute Is plainly indivisible Now our argument here Is why this is not Plainly indivisible Is because in the Wilson case The South Carolina Supreme Court Viewed marijuana and cocaine As different elements Under a block Is that the unpublished case Is that our unpublished case Is that not That's a published decision That's a published decision I know we had It seems like we had An unpublished case That's pretty much on point One of these cases Was that this one No what happens Wilson says That marijuana and cocaine Are elements under a block Per the test That's under section 370 Then yes the Marshall case Which you're thinking of Is the case in which This court said That 370 and 445 Are pretty much indistinguishable So our point is That if that is the case It wouldn't make sense For the South Carolina Supreme Court To make drug type An element for one statute In 370 Or another one Under for 445 But our point is All you have to rule here today Is it's not plain error Reserving it for another case In which the issue is preserved To decide whether drug type Is an element Or a means under 445 Are there any further questions Judge Gregory Yes McNeil dealt with A change in state law Did it not And the court said You can't use A change in state law To impact The application of federal law Here This is a change in federal law Involved Yes Judge Gregory It doesn't foreclose us From reaching Or deciding That it's at the time Of sentencing So that's not correct Misreading of McNeil Well here's the reason I know I'm over time Judge Gregory But you've raised An important question I'd like to answer Here's why You should use The time of the Definition At the time of the conviction Because The serious drug offense Not only punishes State offenses In subsection A2 But it also punishes Federal drug offenses In subsection A1 Now you would Obviously under McNeil If it's a backward looking statute You would look at the definition Of the federal drug statute At the time of the conviction You wouldn't look at it Then if the federal definition Of marijuana changes Down the line In other words To be consistent The definition Of the federal crime And the definition Of the state crime Which is under A2 Would be looked at At the same time And both of them In our point Is that you look at them At the time of the conviction Otherwise If you look at the change In the federal law Then that would Play havoc With the federal offenses Under A1 Well that's your argument But the point is Is that McNeil Does not foreclose If our decision If we said It was at the time of sentencing As you seem to propose In your first argument I appreciate That's your argument That's your spin on it But that's not What McNeil In terms of forecloses Their conclusion But do you concede That this is a divisible statute    I'm asking you Do you concede That the South Carolina statute Would be divisible In looking at this State statute And the state crime And the state crime And the state crime In terms of The categorical approach I think it is divisible In purposes of drug type For the reasons That I gave To Judge Wynn But remember It's the Do you agree That it would Based on what the change Has been That it sweeps too broadly Now When compared to The federal offense Judge Greger Are you talking Generally about Drug offenses Under South Carolina No I'm talking about The South Carolina At that time Of his conviction Is swept Larger The general The general Drug statutes In South Carolina Were broader And when you don't Have a categorical match Then you can use The modified Categorical approach To determine Whether the offensive issue In this case Marijuana Is divisible By drug type Or not And our answer Our Yeah But once Here's one Big mistake In a lot of analysis Once you determine It's divisible And find out That part Is a separate Offense Then you still Have to apply A categorical Approach To that aspect Of the divisible part You don't just go You still have to And it still Sweeps too broadly And that's plainly By the reading Of the statute Isn't it Once you Go ahead Judge Greger Our point is Is that As we said in our brief The general Drug statutes In South Carolina Were broader Than the federal statute They include a lot Of methamphetamine offenses That are not Currently included When you have that Situation under Mathis Then you look at The particular Offense State offense In this case Marijuana And decide whether On the modified Categorical approach It states an offense Or not And our position is Is that it is divisible The drug type Is an element It's not a means We follow the logic Of Wilson I know I'm way over time I'm happy to answer Any questions you have Judge McRae Yeah but that's The whole aspect Of the question is Does the state law That part That's divisible Sweep broader Than the offense In terms of defined By the federal court And then you have A carve out of him In terms You did not Correct What I'm saying In terms of I know what you're saying I want you to answer My question You have a carve out For him Now right Yes Well the reason is Is because at the time Of his conviction Or at the time Of the federal offense The state definition Of marijuana Was congruent It wasn't overbroad It was congruent With the definition Of marijuana In the federal CSA I understand that But you're still Stuck on And we Are well Reserved That you disagree That you should Look at it At the time of sentencing But if you look At it at the time Of sentencing It sweeps Too broadly now Does it not Oh at times Of sentencing Right but our argument Is that's my whole point I know you Reserved that I'm saying But if you Get there It sweeps Too broadly In a categorical In a modified Structure Yes sir It does doesn't it Yes Judge Gregory I agree with you That is why our position Has been That you do not Under any circumstances Look at time of sentencing In this case I understand That's why you have To hold on to it Right Okay I'm sorry Judge Gregory Any further questions I know I'm way over time I'm happy to answer anything Yeah I'm about to ask My colleagues Any further questions I know Thank you Thank you Mr. Booth Mr. Patel You have some time Yes thank you Your Honor So Gregory I think you've got it Right on McNeil McNeil was about What state law Do we apply To the prior state Offend  When we're looking at Previous convictions It only makes sense To look at What defendant What elements The defendant Was convicted of At the time Of the Sentencing Okay The Conviction The elements Of the offense That come after The time of the State conviction Don't matter Because that's not What you're convicted of But that does not Translate to You know The logic that we Apply an outdated Version of the ACCA At federal Sentencing Let me give you An example That makes the Government's position Really absurd Your Honor Let's say there Was a 1983 Conviction And it was a First degree Premeditated Murder Conviction Well under the Government's theory That could never Qualify because there Was no ACCA In 1983 So their position Is completely Illogical Your Honor It only makes sense To apply the Current version Of the ACCA At the time Of the Federal Sentencing Because as Judge Winn Was saying Too When Congress Has said We're taking Out a prior Because You know It no longer Warrants an ACCA Sentence Because somebody Is no longer Culpable Based on that Prior For an ACCA Sentence It's illogical Then at the Time of the ACCA Sentence To apply A 15 year Sentence For something Congress Has said There shouldn't Be a 15 Year Sentence So in Essence My earlier Question to Your opposing Counsel This could Cut against A defendant Too If you went Strictly with the Way in which You want us To go And that is At the time Of the Sentencing That if That offense Which at The time Of conviction Would not Have been Permitted But at The time of Sentencing It does Because then The federal Law That doesn't Seem like it Would be Something you Will agree To Well Your Honor That is The consequence Sometimes Where the ACCA Could get Worse Right If Congress Makes it Worse So Congress Could add An offense That makes You more Culpable So there Would be An Exposed Factor Argument You know If the Law Changed After You Committed The Offense But if It was Changed Before You Committed The Offense Then You Would Be More Culpable So I Wanted To Clarify One Thing I Wanted To Clarify To You Your Honor Is That If I Could Have A
judges: Roger L. Gregory, James Andrew Wynn, Stephanie D. Thacker